HOBSON, Justice.
Upon the petition of Wilford R. Baker, this court issued a writ of habeas corpus to which the respondent has filed a return.
.Our examination of the record discloses that the petitioner was the recipient, on August 1, 1950, of two 5-year sentences imposed by the circuit court of the Twelfth Judicial Circuit in and for Sarasota County. These sentences were specifically designated to be served concurrently. On August 21, 1950, the petitioner, upon being duly convicted of three counts of breaking and entering a building with the intent to commit a felony, received the following sentences,from the.Criminal Court of Record of Hillsborough County:
1) On Information No. 28471, Count T 5 years
2) On Information No. 28471, Count 2 to begin at the expiration of the sentence imposed by Count 1 2 years 5 years
3) On Information No. 28472 to begin at the expiration of the second count of- Information No. 28471 [1]
The judgment and sentence of the court covering Information 28471, Count 1, provided that the petitioner’s sentence should begin “from the date of your delivery to the officers [of the prison]”.
*442 The petitioner contends that it was the intention of the trial judge of the Criminal Court of Record for Hillsborough County that the sentences imposed by him should begin to run immediately upon his delivery to the prison officials. In support of this position he cites the language of the sentence imposed in Information 28471, Count 1, and an alleged colloquy which took place between himself and Judge L. A. Grayson in the Hillsborough County Criminal Court of Record. Petitioner also attached as an exhibit a copy of a letter from Judge Gray-son which he maintains supports his contention that the court was aware of the Sarasota sentences and intended that its sentence should run concurrently with them.
The respondent, by its exhibits, has clearly refuted the petitioner’s interpretation of Judge Grayson’s letter. Further, it is equally evidence that the record does not support the existence of the “colloquy” which the petitioner has alleged took place between himself and Judge Grayson. Finally, the respondent’s contention that the Hillsborough sentences do not begin to run until the expiration of the Sarasota sentences is supported by the language of F.S. § 921.16, F.S.A., which provides:
“When sentences to be concurrent and when consecutive. When the defendant has been convicted of two or more offenses charged in the same indictment or information or in consolidated indictments or informations, the terms of imprisonment shall be served concurrently unless the court expressly directs that they or some of them be served consecutively. Sentences of imprisonment for offenses not charged in the same indictment or information shall be served consecutively unless the court expressly directs that they or some of them be served concurrently.”
Thus from our careful examination of the exhibits and authorities cited by the petitioner, as well as those of the respondent, we have reached the conclusion that as a matter of fact the Criminal Court of Record in and for Hillsborough County did not expressly direct that the sentences imposed by it be served concurrently with those previously imposed by the Sarasota Court.
This being the only substantial issue raised by the petitioner, we are of the opinion that he is not entitled to release from custody upon a writ of habeas corpus because he has not been denied any rights guaranteed to him by the State or Federal-Constitutions or the Statutes of the State of Florida.
Therefore, the writ of habeas corpus heretofore issued is quashed.
It is so ordered.
THOMAS, C. J., and TERRELL, ROBERTS and DREW, JJ., concur.

. The petitioner was also sentenced by the Criminal Court of Record of Palm Beach to a term of 1 year, to begin at the expiration of bis present sentence, • upon authority of an information charging escape, on December 9, 1957.